UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
PIKEVILLE DIVISION

| | |
|---|---|
| SUSAN REYNOLDS, individually and as administratrix of the estate of DAVID T. REYNOLDS, | )<br>)<br>)<br>) |
| Plaintiff, | ) Civil Action No. 7: 05-70-DCR<br>)<br>) |
| V. | )<br>) |
| INDIANA MILLS & MANUFACTURING, INC., et al., | ) **MEMORANDUM OPINION**<br>) **AND ORDER**<br>) |
| Defendants. | ) |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is pending for consideration of Freightliner's motion for leave to file a cross-claim against Indiana Mills and Manufacturing ("IMM") [Record No. 10] and its motion to set aside the Agreed Order of April 28, 2005 [Record No. 12]. The Agreed Order dismissed Susan Reynolds' ("Reynolds")[1] claims against IMM. Thus, with IMM dismissed from the case, Freightliner is unable to assert its cross-claim.

For the reasons discussed herein, the Court will grant the motions.

**I.   BACKGROUND**

On December 15, 2003 David Reynolds was killed in a motor vehicle accident while driving a Freightliner tractor trailer with a seat belt manufactured by IMM. The trailer jacknifed, left the roadway, and rolled over. Reynolds claims that the seatbelt failed to perform properly.

---

[1]   Ms. Reynolds' sues as both the administratix of the estate of David Reynolds, and in her personal capacity.

On April 26, 2005, Freightliner filed the motion to assert cross-claims against IMM. The next day, Reynolds, along with IMM, Lewis Transport (David Reynolds' employer), and Amerisafe Risk Services (provider of David Reynolds' worker's compensation insurance), submitted to the Court an "agreed order" dismissing all claims between the signatory parties. The tendered order was not signed by Freightliner.

It appears that the parties initially intended to include Freightliner in the Agreed Order, because preliminary versions of the order were forwarded to Freightliner, with space included for its signature. Freightliner notified the parties, however, that it intended to assert cross-claims against IMM. Later, a different version of the Agreed Order was tendered to the Court without a place for Freightliner to sign.

The Agreed Order was tendered to the Court on April 27th. The next day, the Court signed the Order and it was entered into the record. [Record No. 11] On May 4, 2005, Freightliner filed its motion to set aside the Agreed Order, noting that it had not signed the order and that it had filed its motion to assert a cross-claim against IMM prior to entry of the Agreed Order. [Record No. 12] Amerisafe Risk Services and Lewis Transport responded to Freightliner's motions by stating that they have no objection to revising the Agreed Order to permit Freightliner to assert its claim against IMM. IMM and Reynolds, however, object to both motions.

**II.   ANALYSIS**

Freightliner's claims turn primarily upon whether the Agreed Order is classified as one filed pursuant to Rule 41(a)(1)(i), Rule 41(a)(1)(ii), or Rule 41(a)(2) of the Federal Rules of Civil

Procedure. Rule 41 (a)(1)(i) provides that a plaintiff may unilaterally dismiss a claim "by filing a notice of dismissal at any time before service by the adverse party of an answer or of a motion for summary judgment, whichever first occurs . . . ." Rule 41(a)(1)(ii), however, provides for dismissal "by filing a stipulation of dismissal signed by all parties who have appeared in the action." Rule 41(a)(2) provides for dismissal "upon order of the court and upon such terms and conditions as the court deems proper." Thus, Rule 41(a)(1)(ii), unlike Rule 41(a)(1)(i), requires signatures from all parties. In addition, dismissals pursuant to Rule 41(a)(2) require a court order.

Reynolds and IMM point out that dismissal pursuant to Rule 41(a)(1)(i) was allowed because none of the dismissed parties had filed an answer or a motion for summary judgment. The Agreed Order, however, was styled "AGREED ORDER DISMISSING CERTAIN CLAIMS AS SETTLED" and was forwarded to the Court for its signature and approval. Further, the Agreed Order stated: "[t]he Court having considered the representation of the parties above, hereby approves the same and Orders the dismissals, with prejudice, as per the agreements of these parties." Thus, the Agreed Order is construed as one filed pursuant to Rule Rule 41(a)(2) because, by its very terms, it states that "the Court . . . orders the dismissals," unlike Rule 41(a)(1)(i), in which the unilateral dismissal is self-executing. In addition, the Agreed Order bears similarities to a dismissal pursuant to Rule 41(a)(1)(ii), due to its inclusion of signatures from all parties, except Freightliner. Thus, the tendered order is essentially a hybrid of Rules 41(a)(1)(ii) and 42(a)(2).

The Agreed Order did not state which type of dismissal it was seeking. If filed pursuant to Rule 41(a)(1)(ii), it is deficient due to the lack of Freightliner's consent. If filed pursuant to Rule 41(a)(2), the Court may set aside the order as part of its inherent powers. *See* Fed. R. Civ. P. 60(b). Freightliner informed the Court and the parties that it wished to file a cross-claim against IMM, prior to the tendering of the Agreed Order. Thus, in the interests of fairness and judicial economy, the Agreed Order must be set aside to allow Freightliner to assert its indemnity claims before IMM is dismissed from the action. While Reynolds could have unilaterally dismissed its claims against IMM pursuant to Rule 41(a)(1)(i), the content and styling of the "Agreed Order" make it clear that the dismissal was filed pursuant to Rule 41(a)(1)(i) or Rule 41(a)(2). If the parties wish, they may re-file their dismissals, without impacting Freightliner's cross-claim against IMM.

### III.  CONCLUSION

Accordingly, for the reasons discussed herein, it is hereby **ORDERED** as follows:

(1) Freightliner's motion for leave to file a cross-claim against IMM [Record No. 10] is **GRANTED**;

(2) The Clerk is directed to file the previously tendered cross-claim attached to the motion for leave [Record No. 10]; and

(3) Freightliner's motion to set aside the Agreed Order of April 28, 2005 [Record No. 12] is **GRANTED** and that Agreed Order [Record No. 11] is **VACATED** and **SET ASIDE**, pursuant to Rule 60(b) of the Federal Rules of Civil Procedure.

This 12th day of July, 2005.



Signed By:
*Danny C. Reeves* DCR
United States District Judge